

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-1999

# United States v Imenec

Precedential or Non-Precedential:

Docket 98-1912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"United States v Imenec" (1999). *1999 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-1912

UNITED STATES OF AMERICA

v.

ROBERTO IMENEC a/k/a ALBERTO GIMENEZ

Roberto Imenec, Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 92-cr-00584-1)
District Judge: Honorable Clarence C. Newcomer

Argued June 17, 1999

BEFORE: NYGAARD, COWEN, and STAPLETON,
Circuit Judges

(Opinion Filed September 30, 1999)

  Christopher D. Warren (Argued)
  Saul, Ewing, Remick & Saul
  3800 Centre Square West
  Philadelphia, PA 19102
   Attorney for Appellant

  Shari E. Lewis (Argued)
  Assistant United States Attorney
  U.S. Attorney's Office
  615 Chestnut Street
  Philadelphia, PA 19106
   Attorney for Appellee

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Roberto Imenec was convicted of one count of conspiracy
to distribute cocaine base in violation of 21 U.S.C.S 846.
The United States District Court for the Eastern District of
Pennsylvania sentenced him to 151 months imprisonment,
five years of supervised release, a $2000 fine, and a $50
special assessment. Imenec asserts that the District Court
erred when it imposed a two point upward departure for
obstruction of justice, pursuant to Section 3C1.1 of the
Sentencing Guidelines. We will affirm the sentence of the
district court.

I.

Imenec was arrested after selling crack cocaine to
undercover Philadelphia police officers on four separate
occasions. He was charged with state drug offenses and
released on bail with an order to appear in state court for
a preliminary hearing on November 26, 1991. One day
before the scheduled preliminary hearing, the United States
Attorney's Office for the Eastern District of Pennsylvania
secured a warrant for Imenec's arrest on federal drug
offenses based on the same events. Federal authorities
intended to arrest Imenec when he appeared at the state
court proceeding. Imenec did not appear at his preliminary
hearing, however, and subsequent attempts to locate him
proved fruitless. In October, 1992, a federal grand jury
returned an indictment against Imenec.

A few years later, on May 31, 1995, Imenec was arrested
in New York under the alias, "Jose Estevez," and charged
with conspiracy to distribute cocaine. An automated
fingerprint check revealed Imenec's identity, and
arrangements were made to have him brought to
Pennsylvania to face the charges set forth in the 1992
federal indictment. After challenging his prosecution as
untimely under the Sixth Amendment, Imenec agreed to
cooperate with authorities. He ultimately pled guilty to one

2

count of conspiracy to distribute cocaine, acknowledging that the conspiracy involved 214.8 grams of crack cocaine.

On September 14, 1998, the District Court sentenced Imenec to 151 months imprisonment, five years of supervised release, a $2000 fine, and a $50 special assessment. The District Court concluded that Imenec had obstructed justice when he failed to appear at the state court preliminary hearing in 1991, and based on that finding, imposed a two point upward enhancement, pursuant to Sentencing Guideline S 3C1.1. The sole issue raised in this appeal is whether the imposition of the upward enhancement was based on an erroneous construction of S 3C1.1.

II.

Because Imenec was sentenced in 1997, we must analyze his appeal under the Guidelines as they existed at that time. The relevant version of S 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. S 3C1.1 (Nov. 1997).1 The Application Notes offer us some

_____

1. In 1998, Section 3C1.1 was modified; it now provides:

        If (A) the defendant willfully obstructed or impeded, or attempted to
        obstruct or impede, the administration of justice during the course
        of the investigation, prosecution or sentencing of the instant offense
        of conviction, and (B) the obstructive conduct related to (i) the
        defendant's offense of conviction and any related conduct; or (ii) a
        closely related offense, increase the offense level by 2 levels.

U.S.S.G. S 3C1.1 (Nov. 1998). The application notes indicate that the amendment was intended to address the issue raised in this appeal -- i.e., whether the term "instant offense" applies to obstructions that occur in cases closely related to the defendant's case or only to those obstructions specifically related to the offense for which the defendant has been convicted. "The amendment, which adopts the majority view, instructs that the obstruction must relate either to the defendant's offense of conviction (including any relevant conduct) or to a closely related case." U.S.S.G. App. C at 583. It, thus, appears that Imenec's conduct would merit enhancement under the 1998 Guidelines.

3

guidance in determining what type of conduct constitutes obstruction of justice for the purposes of S 3C1.1. Two of the enumerated examples are of particular significance. Note Three establishes that "willfully failing to appear, as ordered, for a judicial proceeding" is an obstruction of justice under S 3C1.1, and Note Four provides that "avoiding or fleeing from arrest" does not constitute obstruction of justice.

The District Court accepted the Government's position that Imenec's failure to appear at his preliminary hearing in Pennsylvania state court in 1991 was a willful failure to appear at a judicial proceeding, justifying the upward departure pursuant to Application Note Three of S 3C1.1. Imenec concedes that he failed to appear at a state judicial proceeding, but he argues that, because it was a state, rather than a federal, court, his failure to appear was outside the ambit of S 3C1.1. The only "effect" his action had upon federal proceedings, he argues, was to avoid or delay his arrest, an action that Application Note Four of S 3C1.1 clearly excludes. The District Court was unpersuaded by Imenec's proposed construction of S 3C1.1. We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines. See United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997).

III.

The answer to whether a S 3C1.1 obstruction of justice enhancement is appropriate in this case depends on whether "instant offense" is understood to refer to the criminal conduct underlying the specific offense of conviction, as the government contends, or is read to be limited to the specific offense of conviction itself, as Imenec insists. Based on the text and purpose of S 3C1.1, we conclude that the Sentencing Commission's intent was to impose an enhancement for any conduct that obstructs an investigation, prosecution or sentencing proceeding that is based on the criminal conduct underlying the specific statutory offense for which the defendant is being sentenced.

Section 3C1.1 imposes a sanction for conduct that obstructs an official criminal investigation, even though the

4

investigation has not yet matured into a prosecution and, indeed, even though no thought has yet been given to what the appropriate criminal charge might be. As a result, we believe it unlikely that the Sentencing Commission intended to require a nexus between the specific statutory offense and the obstructed investigation beyond a showing that the conduct being investigated gave rise to the criminal charge ultimately decided upon.

Moreover, we believe the intent reflected in the text of S 3C1.1 is the one most consistent with its purpose. As the Court of Appeals put it in United States v. Emery, 991 F.2d 907 (1st Cir. 1993):

> [T]he obstruction-of-justice enhancement rests on the rationale that "a defendant who commits a crime and then . . . [makes] an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy" the criminal justice process.

Id. at 912 (quoting United States v. Dunnigan, 507 U.S. 87, 97 (1993)). As the Emery court went on to point out, the threat that the defendant poses and his or her culpability with respect to the offense of conviction are not lessened by the happenstance that the obstructive conduct occurred at a time when state, rather than federal, authorities were conducting the investigation of the conduct underlying the offense of conviction.

Because we interpret "the instant offense" in the manner suggested by the government, we conclude that aS 3C1.1 enhancement is appropriate where the defendant has obstructed an investigation of the criminal conduct underlying the offense of conviction, even where the investigation was being conducted by state authorities at the time. Given that interpretation, we further conclude and hold that a S 3C1.1 enhancement is appropriate where the defendant has obstructed a prosecution based on the same criminal conduct underlying the offense of conviction even though that prosecution is going forward in a state court.

Our holding is consistent with and supported by our existing circuit jurisprudence. In United States v. Powell,

5

113 F.3d 464 (3d Cir. 1997), we construed S 3C1.1 as applying, not only to conduct obstructing the proceedings against the defendant himself, but also to conduct obstructing a separate trial of a co-defendant on a charge based on the same criminal conduct underlying the defendant's offense of conviction. In Powell, the defendant had been convicted of conspiracy to distribute cocaine with his brother. The defendant pled guilty to the conspiracy, but then, in an effort to impede his brother's prosecution, he testified falsely at his brother's trial. The District Court applied S 3C1.1 and imposed a two level enhancement on Powell. On appeal, Powell argued that S 3C1.1 was inapposite, because his conduct did not obstruct the "instant offense." We rejected that argument and held that S 3C1.1 "applies where a defendant attempts to obstruct justice in a case closely related to his own . . . ." Id.

While Powell involved two federal prosecutions, its holding is inconsistent with an understanding that "prosecution" in S 3C1.1 is limited to the prosecution that produced the conviction for which the defendant is being sentenced. It is consistent with the notion thatS 3C1.1 applies to conduct obstructing any investigation, prosecution or sentencing proceeding based on the same criminal conduct that underlies the offense for which the defendant is being sentenced. Indeed, it seems to us that this case follows a fortiori from Powell, since Imenec, in obstructing the state prosecution, was attempting, unlike Powell, to avoid accountability for his own criminal conduct.

Cases from other Courts of Appeals also provide support for our holding. See United States v. Smart, 41 F.3d 263, 265-66 (6th Cir. 1994) (per curiam) (argument that failure to appear at state court proceeding was unrelated to the "instant" case "is simply not tenable"); United States v. Adediran, 26 F.3d 61, 65 (8th Cir. 1994) ("this circuit does not prohibit obstruction enhancement in federal prosecutions merely because state entities were involved"). In addition, other Circuit Courts of Appeals have expansively interpreted S 3C1.1 to require enhancement for conduct obstructing state investigations, even when the obstructive conduct occurred before federal charges were

6

filed or a federal investigation was even initiated. See United States v. Self, 132 F.3d 1039, 1042 (4th Cir. 1997) ("[s]ection 3C1.1 draws no distinction between a federal investigation and a state investigation"); United States v. Emery, 991 F.2d 907, 911-12 (1st Cir. 1993) ("so long as some official investigation is underway at the time of the obstructive conduct, the absence of a federal investigation is not an absolute bar to the imposition of a section 3C1.1 enhancement"); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir. 1991) (obstruction of a state investigation properly considered for purposes of a 3C1.1 enhancement).

IV.

In conclusion, we hold that S 3C1.1 requires a two level enhancement when a defendant fails to appear at a judicial proceeding, state or federal, relating to the conduct underlying the federal criminal charge. Accordingly, the judgment of the District Court will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

7