RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0358A (6th Cir.)
File Name: 02a0358a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee/*
*Cross-Appellant (99-3863),*

    *v.*

JOE SABINO (99-3745);
DANIEL K. STEWART
(99-3785); DONNA G.
STEWART (99-3786),
    *Defendants-Appellants/*
        *Cross-Appellees.*

Nos. 99-3745/
3785/3786/3863

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 96-00046—Herman J. Weber, District Judge.

Argued: September 11, 2001

Decided and Filed: October 16, 2002

Before: DAUGHTREY and GILMAN, Circuit Judges;
COHN, Senior District Judge.[*]

_____

[*] The Honorable Avern Cohn, United States District Judge for the
Eastern District of Michigan, sitting by designation.

1

————————————

**AMENDED OPINION**

————————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. As cross-appellant, the government has filed a petition requesting a rehearing by the original panel in this case on the issue presented in Section II.G.3 of the opinion released on December 19, 2001. *See United States v. Sabino*, 274 F.3d 1053, 1076-77 (6th Cir. 2001). Specifically, the government argues that we erred in affirming the district court's decision not to apply an enhancement for obstruction of justice in sentencing defendants Joe Sabino and Donna Stewart. Having had the benefit of the government's briefing on this issue and the cross-appellees' response, a majority of the panel concludes that the government's position has merit. We therefore order publication of the attached revision of a portion of our prior opinion.

The government's petition to rehear is GRANTED and, as a result, the panel's opinion is amended as reflected in the attached revision. Judge Cohn dissents from this order and would adhere to the position taken in our original opinion. The remaining petition for rehearing by the panel, filed on behalf of Joe Sabino, is DENIED.

## II. *DISCUSSION*

### G. *Sentencing Determinations*

#### 3. *Enhancement for Obstruction of Justice*

The government argues that the district court's failure to apply an obstruction-of-justice enhancement in sentencing Joe Sabino and Donna Stewart constituted error. The sentencing guidelines provide that "[i]f . . . the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction

. . . increase the offense level by 2 levels." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (1998). Our review of the district court's legal interpretation of the sentencing guidelines is reviewed *de novo*. *United States v. Jones*, 107 F.3d 1147, 1161 (6th Cir. 1997). However, we may not reject the district court's factual findings unless they are clearly erroneous. *United States v. Pruitt*, 156 F.3d 638, 647 (6th Cir.1998).

The presentence report prepared by the probation office prior to Mrs. Stewart's sentencing included the following recommendation:

> Evidence produced at trial indicated [that] . . . Donna Stewart appeared before a Federal Grand Jury, and testified she did not know an individual named Sam Spine. At best, she testified she may have heard of the name, but did not know Sam Spine personally or have any relationship with him. At trial, the defense presented evidence the Stewarts entered into a contractual relationship with Spine for Spine to purchase Danco Transmission. Sam Spine was also named as trustee of a couple of created 'trusts.' Donna Stewart was also in possession of a Sam Spine signature stamp she used to sign and endorse checks. Therefore, Stewart impeded the course of the investigation by lying to the Federal Grand Jury, and an upward adjustment is warranted.

Nevertheless, at Donna Stewart's sentencing hearing, the district judge explained that he would not impose the enhancement because -- although the judge seemed to believe that Stewart's testimony may have been obstructive -- he concluded that relying upon it to enhance her sentence would amount to double counting:

> This Court has relied heavily on . . . the testimony before this grand jury, by individuals as evidence of the agreement and as evidence of the overt acts that were necessary to establish this conspiracy. If I say that these

were not acts in relationship to the conspiracy but rather were for the purposes of obstructing the administration of justice, then I am going to have to in some measure reevaluate my firm conviction that the verdict of the guilt -- the verdict of guilty by the jury is correct in regards to the conspiracy charge.

Therefore, I conclude that the testimony of these individuals before the grand jury were the statements of co-conspirators; that they were made during the conspiracy; that they were made in furtherance of the conspiracy; and that they are adequately dealt with and taken into consideration by the Sentencing Guidelines in the major offense criteria and that they therefore are considered and included in the general category, and that the specific enhancement for obstruction of justice should not be applied in this case.

The Court would in its opinion find it to be unnecessary to vindicate the purposes of 18 United States Code Section I think it's 3553, and it would be in a sense in the opinion of this Court double counting under the facts of this particular case.

I emphasize that I agree that these were statements that misled, that obstructed the ability of the . . . Internal Revenue Service to collect, assess, or collect, assess, or defeat taxes and that that was their purpose. However, I agree that having so found, that they were part of the conspiracy and made in furtherance of the objective -- object of the conspiracy; that I would be -- it would be unnecessary and improper for me to double count and impose an additional two percent -- or two-level enhancement for the obstruction or impeding of the administration of justice. They were done specifically for the purpose of obstructing or impeding or defeating the assessment, collection of income taxes.

enhancement can be affirmed on any other basis. It appears from the district court's remarks at sentencing that it believed that Donna Stewart's grand jury testimony may have risen to the level of obstruction of justice, but that Joe Sabino's did not. Although the government argues that the district court's view of Sabino's testimony underestimates its obstructive effect, we are not persuaded that the district court's conclusion is clearly erroneous. The question is more difficult with respect to Donna Stewart, whose testimony was clearly more troubling to the district court. On remand, the district court should consider the applicability of the obstruction enhancement to Donna Stewart without regard to considerations of impermissible double counting.

obstruction of the administration of justice in furtherance of the fraudulent scheme, such as giving false testimony before the grand jury or bribing a witness.

There is no dispute that the defendants' false grand jury testimony was treated by the government at trial as part of the *Klein* conspiracy -- four of the *115* overt acts listed in the indictment involved false testimony to the grand jury, and the government called the grand jury reporter to testify at some point during the 32-day trial to read portions of the false grand jury testimony. However, the relevant inquiry for purposes of identifying whether impermissible double counting would result from enhancing the defendants' sentences for obstruction of justice is whether *"precisely the same aspect"* of the defendants' conduct, *Farrow*, 198 F.3d at 193 (emphasis added), would be relied upon to determine the defendants' respective base offense levels, *and* to support the sentencing enhancement. *See Perkins*, 89 F.3d at 310 (finding no impermissible double counting where "one increase focuses solely on the defendant's conduct and the other increase focuses on the nature and degree of harm caused by the defendant's conduct").

The answer here is surely "no." To be sure, the district court did not err in concluding that the false grand jury testimony was related to the defendants' complex scheme to obstruct the collection of revenue by the IRS, which scheme is punishable under § 2T1.9. However, a qualitatively different aspect of that same conduct is its tendency to obstruct or impede the administration of justice in the courts. This latter harm is separate and distinct from the harm arising from the obstruction of the collection of revenue, and, if it rises to the level of obstruction of justice within the meaning of the guidelines, it may justify a sentencing enhancement under § 3C1.1.

Given that the obstruction enhancement would not have amounted to impermissible double counting, the question becomes whether the district court's refusal to impose the

So then I will definitive [sic] rule, definitive [sic] rule in Mrs. Stewart's case that the two-point enhancement will be denied-.

The presentence report for Joe Sabino also recommended an obstruction of justice enhancement based upon false grand jury testimony:

Information supplied by the Department of Justice trial attorney handling this case indicates that in sworn [testimony] before the Grand Jury for the Southern District of Ohio looking into this matter, Joe Sabino perjured himself on a number of occasions thereby attempting to impede or obstruct justice by not telling the truth as to his relationship with the Stewarts and who controlled the several "trusts" he was named as "trustee" before the Grand Jury.

However, at Sabino's sentencing hearing the district court declined to impose the enhancement, apparently not only because of the perceived problem with double counting, but also because the court concluded Sabino's testimony did not amount to obstruction of justice:

The Court on the issue of the enhancement pursuant to 3C1.1 . . . finds that under the circumstances that have been presented in the evidence in this case, that is the letter to Tom . . . Roberts requesting return of his papers, that the sum and total of his testimony to the grand jury do not rise to the level of obstruction of justice as an enhancement, particularly in this case when the specific charge with which he is dealing is an obstruction charge; and that the obstruction, if any, is a consideration at sentencing but it should not be an additional enhancement.

This Court cannot say in the modern context of testimony to a grand jury that the statements contained in his grand jury testimony was obstruction of justice.

. . . . .

The Court would also find that the enhancement of two points for obstruction of justice would be inappropriate in this case primarily because the element of obstruction of justice, obstruction of the usual functions of the government is an element of the offense of conviction and that the activities of this defendant did not exceed that element so that it would require an additional enhancement to create a fundamentally fair sentence.

The law in this circuit is well-settled that a sentencing court must apply the enhancement if a defendant provides a materially false statement to a grand jury. *See United States v. Mahaffey*, 53 F.3d 128, 133-34 (6th Cir.1995). The government now argues that the district court declined to apply § 3C1.1 in part because it erroneously determined that obstruction of the lawful operation of the United States is the essence of a § 371 conspiracy and, therefore, that any obstruction of justice by the defendants had already been taken into account under the guidelines. The government also argues that the district court erred in finding that Joe Sabino's and Donna Stewart's false statements before the grand jury were not material misrepresentations.

Contrary to the district court's ruling, we conclude as a legal matter that imposing an obstruction enhancement in this case would not amount to impermissible double-counting. First, as the district court acknowledged, nothing in the sentencing guidelines prohibits the application of a § 3C1.1 enhancement to a defendant convicted of a *Klein* conspiracy under 18 U.S.C. § 371. Second, the "established rule" in this circuit is that "impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179 (6th Cir. 1999) (citing *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996)).

Our decision in *United States v. Talley*, 164 F.3d 989, 1004 (6th Cir. 1999), is illustrative. There, we held that an "official victim" enhancement under U.S. SENTENCING GUIDELINES MANUAL § 3A1.2 *did not* constitute double counting even though the underlying offense was soliciting the murder of a federal agent in violation of 18 U.S.C. § 1114. We observed that the commentary to § 3A1.2 provides that the official victim enhancement "should *not* apply if the offense guideline specifically incorporates the factor of the victim being an official." *Id*. (emphasis added). Because the offense-level guideline for the crime of solicitation (§ 2A1.5) did not take into consideration the victim's offense status – although the statutory offense did – the court held that "no double counting has occurred." *Id.*

Turning to the case at hand, it is clear that application of the obstruction of justice enhancement to Donna Stewart and Joe Sabino would not have amounted to impermissible double counting. They were convicted of conspiracy to defraud the government under § 371, which provides in relevant part:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. The object of the defendants' *Klein* conspiracy was, quite simply, to evade taxes. The offense level for the conspiracy count was determined for each pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2T1.9, which applies to conspiracies under § 371 that are designed to "defraud the United States by impeding, impairing, obstructing, and defeating . . . the collection of revenue." U.S. SENTENCING GUIDELINES MANUAL § 2T1.9, cmt. n. 1 (1998) (citation omitted). We see no reason to conclude that this guideline takes into consideration a defendant's