

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2003

# USA v. Clark

Precedential or Non-Precedential: Precedential

Docket 02-1327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Clark" (2003). *2003 Decisions.* Paper 824.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/824

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed January 8, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1327

UNITED STATES OF AMERICA,
        Appellee

v.

ANDRE PAUL CLARK, a/k/a Paul Green,
        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 01-cr-00242-1)
District Judge: Honorable James F. McClure, Jr.

Argued October 31, 2002

Before: NYGAARD and WEIS, Circuit Judges, and
IRENAS,* District Judge.

Filed: January 8, 2003

_____

* The Honorable Joseph E. Irenas, United States District Judge for the
District of New Jersey, sitting by designation.


        Daniel I. Siegel, Esquire (ARGUED)
         Assistant Federal Public Defender
        James V. Wade, Esquire
         Federal Public Defender
        100 Chestnut Street, Suite 306
        Harrisburg, PA 17101

         Attorneys for Appellant
        Andre Paul Clark, a/k/a
        Paul Green

        George J. Rocktashel, Esquire
         (ARGUED)
         Assistant United States Attorney
        Thomas A. Marino, Esquire
         United States Attorney
        Federal Building, Suite 316
        240 West Third Street
        Williamsport, PA 17701

         Attorneys for Appellee
        United States of America

OPINION OF THE COURT

WEIS, Circuit Judge.

The District Court imposed an enhancement for obstruction of justice because in addition to oral statements, defendant produced a bogus birth certificate to support his false claim of United States citizenship. We reverse concluding that supplying the forged document was a constituent part of the charged offense and, hence, enhancing the sentence amounted to double counting.

Defendant pleaded guilty to one count under 18 U.S.C. S 911 for falsely representing himself to be a citizen of the United States. The indictment charged "that defendant did falsely state to agents and employees of the United States Department of Justice, Immigration and Naturalization Service, Bureau of Prisons, and the United States Probation Office, United States District Court for the District of Columbia, that he was born in the Virgin Islands" when, in fact, he was born in Jamaica.

2

During the plea colloquy, the Assistant United States Attorney advised the court that the government had evidence of information supplied to the New York Department of Corrections that identified defendant, not as Andre Paul Clark, but as Paul Green, birthplace, Jamaica. The Immigration and Naturalization Service at Riker's Island had also been supplied similar information.

On several different occasions, defendant stated that he was born in the Virgins Islands. During a 1997 presentence investigation, he told a probation officer in the District of Columbia that his name was Andre Paul Clark and he had been born on March 10, 1966 in the Virgin Islands.

On February 10, 1999 when defendant was confined at FCI McKean, he informed an INS agent during a telephone conversation that his name was Andre Paul Clark and he had been born in the Virgin Islands. During an interview with an INS agent at FCI Allenwood on January 24, 2000, defendant repeated that misinformation. A check of the Virgin Island Birth Certificate Records at that time proved negative.

On May 11, 2000, defendant gave a Bureau of Prison official a forged birth certificate from the Virgin islands. The document was forwarded to the INS, which then reviewed its computer entries. These records revealed that defendant was, in fact, Paul Green. After inquiry, Jamaican authorities confirmed that defendant was Paul Green who had a conviction record on that Island.

18 U.S.C. S 911 is a model of brevity. It reads: "Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both."

The presentence report recommended an enhancement for obstruction of justice under U.S.S.G. S 3C1.1,

application note 4(c), because the defendant attempted to hinder the INS investigation by providing a counterfeit birth certificate. At sentencing, the government contended that providing the bogus birth certificate was additional criminal conduct separate and apart from the basic underlying offense of falsely representing identity and nationality. Accepting that argument and applying the enhancement,

the district judge sentenced defendant to 18 months imprisonment, the minimum term within the applicable guideline range.

U.S.S.G. S 3C1.1 reads:

> "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels."

Application note 4(c) of the guideline lists as an example of conduct to which the enhancement would apply: "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding."

The government relies on United States v. Imenec , 193 F.3d 206 (3d Cir. 1999), where we upheld an obstruction enhancement. In that case, defendant failed to appear in state court for a preliminary hearing on drug charges, and remained a fugitive for more than three years. Imenec, 193 F.3d at 207. Defendant was indicted by a federal grand jury on the same drug charges, and after he was finally apprehended, he pleaded guilty in the District Court. Id.

We concluded that Imenec had obstructed the federal prosecution based on his failure to appear at the state preliminary hearing. Id. at 210. We explained "that the Sentencing Commission's intent was to impose an enhancement for any conduct that obstructs an investigation . . . that is based on the criminal conduct underlying the specific statutory offense for which defendant is being sentenced." Id. at 208.

As we observed in United States v. Jenkins, 275 F.3d 283, 291 (3d Cir. 2001), "[d]espite several amendments, U.S.S.G. S 3C1.1 is no model of clarity. [O]bstructive conduct cannot merely affect some global application of the 'administration of justice.' [T]here must be a nexus between the defendant's conduct and the investigation. . . ." In that

case, we decided that the obstruction enhancement did not apply because the defendant's failure to appear in state court did not "compromise[ ] the federal investigation in any way." Id. at 290. "Only conduct obstructing the 'instant offense of conviction' is relevant to sentencing." Id. at 289.

The Court in United States v. Agoro, 996 F.2d 1288, 1293 (1st Cir. 1993), found the enhancement proper when the defendant made false statements to a probation officer in connection with the presentence report because that speech "further" obstructed the investigation. The Court noted, however, that there was "no risk of double counting" in that situation. Id.

In United States v. Sabino, 307 F.3d 446 (6th Cir. 2002), the trial court judge declined to impose an obstruction enhancement because he believed it would amount to double counting. He reasoned that the enhancement was inappropriate because the defendant's lies to the grand jury were part and parcel of the charged conspiracy. Id. at 448. The Court of Appeals disagreed, concluding that false statements to a grand jury were qualitatively different in their tendency to impede the administration of justice in the courts. Id. at 451.

Coming to the opposite conclusion, however, in United States v. Lloyd, 947 F.2d 339, 340 (8th Cir. 1991), the Court reversed an obstruction enhancement on a conviction for concealing assets from civil officers where the defendant committed perjury during bankruptcy proceedings. The Court held that "[s]ection 3C1.1 does not apply to conduct that is part of the crime itself." Id.

Similarly, in United States v. Lamere, 980 F.2d 506, 517 (8th Cir. 1992), the Court reversed an obstruction enhancement based on an attempt to conceal evidence consisting of counterfeit money. The Court noted that the defendant had pleaded guilty to possessing or concealing counterfeit currency, and thus the "obstruction enhancement . . . was based upon conduct that was coterminous with the conduct for which he was convicted." Id. The Court explained that such an enhancement amounted to "double counting." Id. See also United States v. Fredette, 15 F.3d 272, 275 (2d Cir. 1994) (observing that

the Sentencing Commission did not intend sentence enhancement to be applicable when it would amount to double counting).

It appears that a conflict exists between the Courts of Appeal for the Sixth and Eighth Circuits. In reviewing their respective interpretations of the Sentencing Guideline, we are persuaded by the Eighth's reasoning rather than that of the Sixth.

Here, the conduct that is cited as an obstruction is actually activity that is part of the underlying charged

offense. The indictment states that "[f]rom on or about September, 1997, exact date unknown, and continuing through the date of this indictment [July 25, 2001], in Lycoming County . . . and elsewhere . . . the [d]efendant did falsely and wilfully . . . represent himself. . . ." The production of the bogus birth certificate occurred within the cited period, and thus is encompassed within the time the crime was said to have occurred.

Moreover, we have no difficulty in holding that the production of the counterfeit birth certificate to the federal authorities constituted a false representation that the defendant had been born in the Virgin Islands and consequently was a United States citizen. Although of a different order than the defendant's oral statements, it had precisely the same effect and was a violation of 18 U.S.C. S 911.

We conclude that the production of the counterfeit birth certificate was coterminous with the offense to which defendant pleaded guilty. Consequently, it cannot be the basis of an obstruction of justice enhancement.

Accordingly, the sentence will be vacated and the case remanded to the District Court for resentencing.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

6