NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2032, 12-2033
_____

UNITED STATES OF AMERICA

v.

RAFAEL PAREDES
a/k/a RAFAEL PARADES

Rafael Paredes,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Nos. 10-cr-00229-1 & 11-cr-00174-1)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2013

Before:  FUENTES, CHAGARES, and BARRY, *Circuit Judges*.

(Filed: April 15, 2013)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*:

In this appeal, we are asked to consider whether the District Court erred in sentencing Rafael Paredes. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our conclusion.

In July 2010, Paredes was charged with conspiracy to distribute 100 grams or more of heroin and possession with intent to distribute 100 grams or more of heroin, among other charges. He pleaded guilty to those two drug charges in September 2010 and was released on bail. In the plea agreement, the parties agreed to a three-level reduction for acceptance of responsibility and that the Government would request a section 5K1.1 departure if Paredes cooperated. The Government had requested Paredes's release in order for him to cooperate with the Drug Enforcement Administration (DEA), and Paredes was ordered to abide by certain conditions for his release. However, in November 2010, after Paredes violated these conditions by failing to return home by his scheduled curfew or return phone calls, the District Court issued a bench warrant for his arrest. Paredes also failed to appear for his November 29, 2010 sentencing. In March 2011, Paredes was charged in a second indictment with one count of failure to appear, in violation of 18 U.S.C. § 3146, based on his failure to appear for his sentencing hearing.

In the summer of 2011, after learning that Paredes had traveled to the Dominican Republic, a DEA agent contacted him to request that he turn himself in. Paredes responded that he would only do so with a guarantee of no incarceration, which the DEA

agent refused to provide. In October 2011, Paredes was discovered in New York and was arrested and transported to Pennsylvania.

Paredes subsequently pleaded guilty to the failure to appear charge and in April 2012, was sentenced for both the drug charges and the failure to appear charge. In calculating Paredes's Guideline range, the District Court grouped the drug counts with the failure to appear count and added a two-level obstruction enhancement. It denied Paredes's request for a three-level reduction for acceptance of responsibility but granted a two-level safety valve reduction because Paredes provided truthful information. With a total offense level of 26 and criminal history category I, Paredes's advisory Guideline range was 63 to 78 months' imprisonment. The District Court sentenced Paredes to 66 months' imprisonment. Paredes timely appealed.

**II.**

A.

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In considering Paredes's challenge to the District Court's interpretation of the Sentencing Guidelines, we exercise plenary review over questions of law. *United States v. Doe*, 564 F.3d 305, 307 n.2 (3d Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). Furthermore, we exercise plain error review of arguments that Paredes failed to raise before the District Court. *United States v. Wood*, 486 F.3d 781, 790 (3d Cir. 2007).

When evaluating the reasonableness of a sentence, our first step is to determine whether the District Court committed a significant procedural error, "such as failing to

3

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citations and internal quotation marks omitted). If the District Court's procedure is satisfactory, then at the second step, we must consider the sentence's substantive reasonableness, requiring us "not to focus on one or two factors, but on the totality of the circumstances." *Id.* "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). Paredes, as the party challenging the sentence, has the burden of demonstrating unreasonableness. *See Tomko*, 562 F.3d at 567.

We review both inquiries for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. We will also give "due deference" to the District Court's evaluation of the § 3553(a) factors because "[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him." *United States v. Gall*, 552 U.S. 38, 51-52 (2007) (citations and internal quotation marks omitted).

B.

4

On appeal, Paredes argues that the District Court erred in applying the two-level enhancement for obstruction of justice and in denying the three-level reduction for acceptance of responsibility. He also argues that the District Court failed to consider the § 3553(a) factors and that his sentence is substantively unreasonable. Having reviewed the parties' briefs, the record, and the District Court's reasons for sentencing Paredes to a 66-month sentence, we conclude that Paredes's sentence is both procedurally and substantively reasonable.

Paredes challenges the District Court's application of the obstruction of justice enhancement, arguing that it was a constituent part of his failure to appear offense. We review this challenge for plain error. The District Court grouped the drug counts with the failure to appear count and added the two-level obstruction enhancement, which is proper under section 3C1.1 of the Sentencing Guidelines. The Guideline sets forth that when a defendant is convicted both of an obstruction offense, such as failure to appear under 18 U.S.C. § 3146, and an underlying offense for which the obstructive conduct occurred, then the obstruction offense should be grouped with the underlying offense. Under those circumstances, the offense level is the greater of "the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense." U.S.S.G. § 3C1.1 app. n.8. Here, because Paredes's obstructive conduct resulting in his failure to appear charge was associated with his drug charges, the District Court acted properly when grouping the convictions and increasing the underlying offense level of 26 by two levels.

Paredes relies on *United States v. Clark*, 316 F.3d 210, 213 (3d Cir. 2003), in arguing that when the conduct that is the basis for the obstruction enhancement is "coterminous" with the offense of conviction, then it cannot be the basis of an obstruction enhancement. But in *Clark*, the defendant was only convicted of the obstruction offense, and here, Paredes was also convicted of the two drug counts. Rather than being separately punished, the failure to appear conviction was grouped with other charges, which "ensur[es] an incremental, consecutive punishment for the failure to appear count." U.S.S.G. § 2J1.6 app. n.3. Thus, there was no error in the District Court's application of the obstruction of justice enhancement.

Paredes also challenges the District Court's denial of an acceptance of responsibility reduction. While the District Court granted Paredes a two-level safety valve reduction for providing truthful information, it denied Paredes's request for an additional three-level reduction for acceptance of responsibility, although it had initially been agreed to in Paredes's plea agreement. The Government argued that Paredes's "fugitive status for almost a year is inconsistent with . . . accepting responsibility." (App. 70.) The District Court agreed. Ordinarily, conduct resulting in an obstruction enhancement indicates that the defendant did not accept responsibility, U.S.S.G. § 3E1.1 app. n.4, and Paredes failed to show "extraordinary" circumstances.

Finally, Paredes challenges the reasonableness of his sentence. Although Paredes argues that the District Court failed to adequately consider the section 3553(a) factors, in fact, the District Court commented on the nature and circumstances of the offense, the history and characteristics of Paredes, and the need to protect the public from further

crimes by Paredes, among other factors. The District Court need not state all of the § 3553(a) factors. *United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006). The District Court emphasized its great concern over the seriousness of Paredes's "very, very heinous crime" of heroin trafficking. (App. 75.) Furthermore, Paredes's within-Guidelines-range sentence was substantively reasonable. Both drug trafficking and failure to appear for a sentencing hearing are serious charges, and we believe that the District Court carefully "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## III.

For the foregoing reasons, we will affirm the District Court's judgment and sentence.