**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3842
_____

UNITED STATES OF AMERICA

v.

MATTHEW HANDY,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-16-cr-00354-001)
District Judge:  Honorable Juan R. Sanchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2019

Before:  SMITH, <u>Chief</u> <u>Judge</u>, and CHAGARES and BIBAS, <u>Circuit</u> <u>Judges</u>.

(Filed: March 25, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Matthew Handy challenges the District Court's application of two sentencing enhancements: the obstruction-of-justice enhancement, U.S.S.G. § 3C1.1, and the vulnerable-victim enhancement, id. § 3A1.1(b)(1). Because we agree that the District Court plainly erred in applying the obstruction-of-justice enhancement, we will vacate Handy's sentence and remand for resentencing.

I.

In early 2014, Handy repeatedly contacted local, state, and federal law enforcement agencies with false allegations that his ex-girlfriend "was engaging in child exploitation and molestation, using drugs, building pipe bombs, and intended to use guns and explosives as acts of domestic terrorism at a New Jersey middle school . . . and at various other buildings in Pennsylvania and New Jersey." Joint Appendix ("J.A.") 20. He was charged with, and eventually pled guilty to, one count of cyberstalking, 18 U.S.C. § 2261A(2)(B), two counts of interstate use of a telecommunications device to maliciously convey false information, id. § 844(e), and two counts of knowingly and willfully making false statements, id. § 1001(a).

At sentencing, the District Court calculated an advisory Guidelines range of thirty-seven to forty-six months, applying a vulnerable-victim enhancement under U.S.S.G. § 3A1.1(b)(1), as well as an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1. It then sentenced Handy to forty-two months of imprisonment, with three years of supervised release.

Handy timely appealed, challenging the application of the vulnerable-victim and obstruction-of-justice enhancements.[1]

## II.

## A.

We review the District Court's application of the vulnerable-victim enhancement for clear error. United States v. Adeolu, 836 F.3d 330, 334 (3d Cir. 2016). That enhancement applies when:

> (1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was "a nexus between the victim's vulnerability and the crime's ultimate success."

Id. at 333 (quoting United States v. Zats, 298 F.3d 182, 186 (3d Cir. 2002)).

Handy concedes that the first two prongs are met here, but he argues that the third is not. That is, he contends that his knowledge of the victim's vulnerability — his ex-girlfriend's mental illnesses — did not facilitate his commission of the crimes.

The District Court, however, did not clearly err in finding otherwise. Cyberstalking, one of the crimes for which Handy was convicted, involves "engag[ing] in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person." 18 U.S.C. § 2261A(2)(B). Here, Handy attempted to cause "substantial emotional distress" by subjecting his ex-girlfriend to law enforcement investigations. And the District Court found, based on the testimony of an

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had original jurisdiction under 18 U.S.C. § 3231.

FBI Special Agent, that Handy's mentioning mental illnesses subjected his ex-girlfriend to "heightened scrutiny." J.A. 128. Handy's knowledge and use of his ex-girlfriend's mental illnesses thus "made it much more likely," Zats, 298 F.3d at 190, that she would be carefully investigated by law enforcement, and thereby more likely that she would experience "substantial emotional distress."[2]

B.

Handy also disputes the application of the obstruction-of-justice enhancement. Because he did not contest this enhancement before the District Court, plain-error review applies. Fed. R. Crim. P. 52(b). That standard of review requires Handy to show "(1) an error; (2) that is 'clear or obvious;' and (3) that 'affected [his] substantial rights.'" United States v. Gonzalez, 905 F.3d 165, 183 (3d Cir. 2018) (quoting United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013)). When those requirements are met, "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1905 (2018) (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016)).

---

[2] Handy argues that the victim's vulnerability did not facilitate his crime because law enforcement ramped up its investigation merely based on the allegation of a mental illness. He contends that, because law enforcement would have investigated even if Handy's ex-girlfriend were not actually mentally ill, her vulnerability did not influence the commission of the crime here. But while it is true that Handy could have claimed that his ex-girlfriend had a mental illness without actually knowing about her vulnerability, his actual knowledge of it surely made it easier to exploit. The District Court thus did not clearly err in finding that the victim's vulnerability facilitated the crime here.

The Government concedes, and we agree, that even under plain-error review, Handy's challenge succeeds. An obstruction-of-justice enhancement must be based on conduct that obstructs "the investigation, prosecution, or sentencing of the instant offense of conviction," U.S.S.G. § 3C1.1, not the conduct constituting the offense itself. United States v. Clark, 316 F.3d 210, 213 (3d Cir. 2003). Here, the District Court applied the obstruction-of-justice enhancement based on the offenses charged in the indictment, not on any conduct obstructing the investigation of those offenses. It thus plainly erred. And because there is "a reasonable probability that the [D]istrict [C]ourt would have imposed a different sentence under the correct range," the error affected Handy's substantial rights. Molina-Martinez, 136 S. Ct. at 1349. As that error "will seriously affect the fairness, integrity, and public reputation of judicial proceedings," Rosales-Mireles, 138 S. Ct. at 1911, we will vacate and remand for resentencing without the obstruction-of-justice enhancement.