

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2001

# USA v. Jenkins

Precedential or Non-Precedential:

Docket 01-1292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"USA v. Jenkins" (2001). *2001 Decisions.* Paper 294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 20, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1292

UNITED STATES OF AMERICA

v.

ROBERT JENKINS
a/k/a OCIELE HAWKINS
a/k/a WILLIAM JENKINS

      Robert Jenkins,
      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 99-cr-00277
(Honorable Harvey Bartle, III)

Argued October 11, 2001

Before: BECKER, Chief Judge, SCIRICA and GREENBERG,
Circuit Judges

(Filed December 20, 2001)

      DAVID L. McCOLGIN, ESQUIRE
       (ARGUED)
      Defender Association of Philadelphia
      Federal Court Division
      Curtis Center, Suite 540 West
      Independence Square West
      Philadelphia, Pennsylvania 19106

      Attorney for Appellant

          WALTER S. BATTY, JR., ESQUIRE
           (ARGUED)
          Office of United States Attorney
          615 Chestnut Street, Suite 1250
          Philadelphia, Pennsylvania 19106

           Attorney for Appellee

OPINION OF THE COURT

SCIRICA, Circuit Judge.

This appeal involves an interpretation of U.S.S.G.
S 3C1.1. A jury convicted Robert Jenkins for unlawfully
possessing firearm ammunition. The District Court
increased Jenkins's offense level by two levels under
U.S.S.G. S 3C1.1 for obstructing justice by failing to appear
at a state court hearing. Jenkins challenges the sentence
enhancement only. For reasons that follow, we will reverse
and remand for resentencing.

I.

On October 29, 1996, following a complaint from a local
store owner, Philadelphia police officers arrested Robert
Jenkins. He was charged with retail theft and possession of
a firearm without a license, both violations of Pennsylvania
law, and ordered to appear in state court on those charges.
On three separate occasions -- November 6, 1996; March
19, 1997; and March 4, 1999 -- Jenkins failed to appear.
On March 3, 1999, the day before Jenkins's third failed
appearance, an assistant United States attorney began
preparing a federal complaint against him. On May 18,
1999, federal prosecutors indicted Jenkins for illegally
possessing firearm ammunition, a violation of 18 U.S.C.
S 922(g)(1). Jenkins was arrested by federal officials on
September 15, 1999.

As part of a plea agreement, Jenkins pled guilty in federal
court to being a felon in possession of ammunition, a
violation of 18 U.S.C. S 922(g)(1). Finding "obstruction of
justice" under U.S.S.G. S 3C1.1, the District Court added a

two-level enhancement for Jenkins's failure to appear in state court. Three levels were subtracted for acceptance of responsibility. With a total offense level of 19, Jenkins's guideline range was forty-six to fifty-seven months. He was sentenced to fifty-four months in prison, three years of supervised release, and a special assessment of $100. Without the two-level enhancement, Jenkins's offense level would have been 17, and he would have faced a guideline range of thirty-seven to forty-six months.

In his initial appeal, Jenkins challenged the District Court's imposition of the two-level upward adjustment. The government filed a consent motion for remand, which we granted. After an evidentiary hearing, the District Court found: (1) the federal investigation of Jenkins commenced on March 3, 1999; and (2) Jenkins was unaware of the federal investigation on that date. Nevertheless, the District Court determined Jenkins's awareness of the state proceedings provided sufficient grounds for applying the two-level enhancement. The District Court confirmed its prior sentence, including the obstruction enhancement. This appeal followed.

II.

Our review of the District Court's interpretation and application of the Sentencing Guidelines is plenary. United States v. Figueroa, 105 F.3d 874, 875-76 (3d Cir. 1997). We review the District Court's factual findings for clear error. United States v. Carr, 25 F.3d 1194, 1207 (3d Cir. 1994).

III.

United States Sentencing Guideline S 3C1.1, entitled "Obstructing or Impeding the Administration of Justice," provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any related

3

conduct; or (ii) a closely related offense, increase the
offense level by 2 levels.

Interpreting a pre-1998 version of S 3C1.1, the Supreme
Court held the guideline requires sentencing courts to
"review the evidence and make independent findings
necessary to establish a willful impediment to or
obstruction of justice, or an attempt to do the same." United
States v. Dunnigan, 507 U.S. 87, 95 (1993). The guideline
explicitly applies when a defendant "willfully fail[s] to
appear, as ordered, for a judicial proceeding." U.S.S.G.
S 3C1.1 app. n.4(e).1 The District Court found Jenkins
subject to a two-level enhancement, reasoning, "[I]f a
defendant knows he is engaging in obstructive conduct
concerning the Federal investigation or concerning a closely
related State offense and the obstruction occurs during the
time of the Federal investigation, the criteria of Section
3C1.1 have been met." (App. 135a (emphasis added))

Jenkins concedes his "obstructive" conduct-- the failure
to appear in state court -- occurred after the federal
investigation against him began, satisfying the temporal
aspect of the enhancement. But Jenkins contends he was
incapable of "willfully" obstructing justice because he was
unaware of the federal investigation on March 4, 1999.2

The threshold issue is whether the inclusion of the word
"willfully" in U.S.S.G. S 3C1.1 requires the government to
prove Jenkins was aware of the federal investigation. We
have plenary review over this question of law.3 In this case,

_____

1. The examples set forth in the commentary to U.S.S.G. S 3C1.1 are not
exhaustive. See id. app. n.3 ("Obstructive conduct can vary widely in
nature, degree of planning, and seriousness. . . . Although the conduct
to which this adjustment applies is not subject to precise definition,
comparison of the examples set forth in Application Notes 4 and 5
should assist the court in determining whether application of this
adjustment is warranted in a particular case.").
2. Jenkins also challenges the constitutionality of 18 U.S.C. S 922(g)(1),
which formed the basis for his conviction. We recently upheld the statute
under a similar challenge. United States v. Singletary, 268 F.3d 196 (3d
Cir. 2001). Therefore, the only substantial issue on appeal is the two-
level sentencing enhancement.
3. It would appear that "willfully" is a term with "no fixed meaning."
Smith v. Wade, 461 U.S. 30, 63 n.3 (1983) (Rehnquist, J., dissenting).
The word has "a wide variety of definitions" and is often construed "in
accordance with its context." McLaughlin v. Richland Shoe Co., 486 U.S.
128, 137 (1988) (Marshall, J., dissenting).

4

the term "willfully" must be considered in context, with reference to the other words in U.S.S.G. S 3C1.1.

We interpret United States Sentencing Guidelines the same way we interpret statutes, "using the terms' meaning in ordinary usage." United States v. Loney , 219 F.3d 281, 284 (3d Cir. 2000). In S 3C1.1(A), the Sentencing Commission chose to place "willfully" directly before "obstructed" and "impeded," modifying both verbs. Its meaning, therefore, in ordinary usage is that a defendant must have willfully obstructed or impeded the administration of justice "during the course of the investigation . . . of the instant offense of conviction." To read in anything further would strain its ordinary meaning. Cf. United States v. Clayton, 172 F.3d 347, 356 (5th Cir. 1999) (Wiener, J., concurring) ("Whether examined under legal canons of statutory interpretation or plain English rules of syntax, the phrase `during the investigation' should be read to modify the immediately preceding phrase, `administration of justice,' not the more remote clause [`the defendant willfully . . . attempted to obstruct or impede'].").

In view of the language, structure, and context of U.S.S.G. S 3C1.1, we believe the ordinary meaning of "willfully" is "deliberately or intentionally"; in other words, not "negligently, inadvertently, or accidentally." Jenkins does not dispute that his failure to appear in state court was an intentional action, one taken with full awareness of the proceedings.4 On this threshold issue, Jenkins's conduct represented a "willful obstruction."

Jenkins contends the guideline requires an awareness on his part that a federal investigation had begun. The term "awareness" does not appear in U.S.S.G. S 3C1.1. Nor do we believe that it can be properly implied. Incorporating such a requirement would contravene the purpose of the 1998 amendment to the guideline. As the Sentencing Commission explained, the amendment clarified "what the term `instant offense' means in the obstruction of justice guideline." U.S.S.G. app. C, amend. 581.5 At the time of the

_____

4. Jenkins does not claim that his failure to appear resulted from negligence, for example, like forgetting the date of the hearing.

5. The Commission amended the language in response to inter-circuit disagreement whether sentencing courts could impose the enhancement

5

amendment, several courts of appeals had affirmed sentencing enhancements based on the obstruction of state proceedings. E.g., United States v. Self , 132 F.3d 1039, 1042 (4th Cir. 1997) ("Section 3C1.1 draws no distinction between a federal investigation and a state investigation."); United States v. Smart, 41 F.3d 263, 265-66 (6th Cir. 1994) (defendant's use of a false name in state court proceedings obstructed closely related federal proceedings by delaying his arrest); United States v. Emery, 991 F.2d 907, 911-12 (1st Cir. 1993) (defendant's attempted escape from state authorities obstructed closely related federal proceedings by prolonging the onset of federal proceedings). The Commission nevertheless decided not to require "awareness of the federal proceeding" in U.S.S.G. S 3C1.1. As the government observes, the 1998 amendment ensured the section applied to obstruction in related, non-federal matters. Without further guidance from the Sentencing Commission, we will not write in a requirement that the defendant be aware of the federal investigation.

Jenkins observes that three of our sister circuits have said in this context, "willfully" must imply some level of awareness by the defendant of the federal investigation. In United States v. Brown, 237 F.3d 625, 628 (6th Cir.), cert. denied, 121 S. Ct. 1981 (2001), the Court of Appeals for the Sixth Circuit held:

> However, the term ["willfully"] generally connotes some kind of deliberate or intentional conduct. Logically, [the defendant's] actions cannot have been willful unless he had some idea that he was being investigated. Otherwise, the adjustment would serve no deterrent purpose.

See also United States v. Lister, 53 F.3d 66, 69 (5th Cir. 1995) ("[A] defendant's awareness of the commencement of an investigation is relevant and necessary for the obstruction of justice enhancement."); United States v.

_____

for conduct in cases closely related to the federal offenses of conviction.
Subsection (B) now indicates the obstruction "must relate either to the defendant's offense of conviction (including any relevant conduct) or to a closely related case." Id.

Oppedahl, 998 F.2d 584, 585-86 (8th Cir. 1993) (relying on deterrence principles to find a defendant must be aware of an investigation to be subject to the enhancement).

In contrast, the Court of Appeals for the Seventh Circuit has held awareness is not a prerequisite for imposing the obstruction-of-justice requirement. In United States v. Snyder, 189 F.3d 640 (7th Cir. 1999), the court observed, "It is clear, however, that a defendant need not know that he is under investigation at the time of the obstructive conduct." Id. at 648 (citing United States v. Schmidt, 47 F.3d 188, 192 n.3 (7th Cir. 1995)).6 Given the guideline's plain text and the stated purpose of the 1998 amendment, we endorse this approach.

Jenkins contends such a conclusion depends on the fortuity of initiating an investigation the day before his

_____

6. In Schmidt, the Court of Appeals for the Seventh Circuit noted in dicta, "Even if we were to reach the merits of the [defendants'] appeal, we
would affirm the sentences imposed. First, the district court's enhancement of the [defendants'] sentences under U.S.S.G. S 3C1.1 for willful obstruction of justice was proper, despite the fact that the defendants' actions -- removing water sampling probes from planting lines -- occurred before they knew they were under investigation." 47 F.3d at 192 n.3. For that proposition, the Schmidt court cited United States v. Polland, 994 F.2d 1262, 1269 (7th Cir. 1993). Considering the pre-1998 version of U.S.S.G. S 3C1.1, the Polland court held:

> Section 3C1.1 indicates that the obstruction of justice enhancement does not apply to any and all obstructive conduct that a defendant may have committed, but instead applies only to willful attempts
"to
> obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. S 3C1.1. In other words, section 3C1.1 does not contemplate enhancements for obstruction of justice if the relevant conduct impedes the investigation or prosecution of a separate crime.

Id. The Polland court construed the pre-1998 language "instant offense" to mean "instant offense of conviction," a change formalized in the 1998 amendments. Id. Construing the commentary accompanying the guideline, the court said, "[T]he commentary clarifies that the significant
factor is not merely the timing of the obstruction but rather whether the obstruction or attempt involves evidence that is material to the investigation or prosecution of the instant offense of conviction." Id.

7

unrelated appearance in state court. But this type of "line drawing" is common in the law. Statutes of limitations and other time-bar rules impose legal consequences based on specific timing. Because a federal investigation against Jenkins could have begun two days later does not change the fact that the investigation, commenced before Jenkins's "obstructive" conduct, met the textual requirements of U.S.S.G. S 3C1.1.[7]

IV.

That does not, however, end our inquiry. Federal proceedings here were initiated almost three years after related state proceedings began. Jenkins admits he was aware of the state proceedings pending against him in Pennsylvania, consciously failing to appear for hearings on three separate dates. But Jenkins's failure to appear in state court before his federal indictment had no effect whatsoever on the later federal proceedings. The government presented no evidence the federal investigation against Jenkins, initiated on March 3, 1999, was obstructed or impeded by his failure to appear in state court the next day. The federal indictment was apparently issued when it was prepared, without any delay engendered by Jenkins's failure to appear in state court. We exercise plenary review over the application of U.S.S.G.S 3C1.1 in these circumstances.

The government contends Jenkins's absence from the state court proceeding is relevant for sentencing purposes because it indicates his overall culpability. But U.S.S.G. S 3C1.1 is not an invitation to consider every instance in which a defendant acted in a blameworthy fashion. Only conduct obstructing the "instant offense of conviction" is relevant to sentencing.  See United States v. Luca, 183 F.3d

_____

7. Judge Becker does not join in Part III because he believes that the correct interpretation of U.S.S.G. S 3C1.1 is stated in United States v. Brown, 237 F.3d 625, 628 (6th Cir.), cert. denied, 121 S. Ct. 1981 (2001), United States v. Lister, 53 F.3d 66, 71 (5th Cir. 1995), and United States v. Oppedahl, 998 F.2d 584, 586 (8th Cir. 1993). See supra at 6, 7. However, inasmuch as he joins in Part IV, he concurs in the judgment.

8

1018, 1022 (9th Cir. 1999) ("For the obstruction of justice enhancement to apply, the district court must find that the defendant willfully provided a materially false statement to law enforcement officers that actually obstructed or impeded the official investigation or prosecution of the instant federal offense."). Without some nexus between the obstruction and the federal offense, U.S.S.G. S 3C1.1 is inapplicable.

The Court of Appeals for the Ninth Circuit has said the governing standard is the "effect of the obstructive conduct rather than the level of law enforcement that was obstructed." Id. We agree. The application notes to U.S.S.G. S 3C1.1 observe that some forms of obstructive conduct -- including fleeing from arrest, providing incomplete or misleading information during a presentence investigation, and making false statements while not under oath-- do not merit the enhancement. U.S.S.G. S 3C1.1 app. n.5. In contrast, where such conduct "significantly obstruct[s] or impede[s] the official investigation or prosecution of the instant offense," a sentence is properly increased. Id. app. n.4(e).

Prior cases have affirmed sentence enhancements based on conduct involving state court proceedings that obstructed the federal investigation, prosecution, or sentencing of the defendant. In United States v. Imenec, 193 F.3d 206 (3d Cir. 1999), the defendant was scheduled to appear in state court on November 26, 1991, for a preliminary hearing. Id. at 207. His failure to do so prevented federal prosecutors, who had secured a warrant for the defendant's arrest on November 25, 1991, from detaining him. Id. We affirmed the imposition of a two-level enhancement under the pre-1998 version of U.S.S.G. S 3C1.1, stating:

> Based on the text and purpose of S 3C1.1, we conclude that the Sentencing Commission's intent was to impose an enhancement for any conduct that obstructs an investigation, prosecution, or sentencing proceeding that is based on the criminal conduct underlying the specific statutory offense for which the defendant is being sentenced. Section 3C1.1 imposes a sanction for conduct that obstructs a criminal investigation, even

9

though the investigation has not matured into a prosecution and indeed, even though no thought has yet been given to what the appropriate criminal charge might be.

Id. But where the obstructive conduct relates only to an ongoing state prosecution, with no discernable effect on the federal proceedings, enhancement under U.S.S.G.S 3C1.1 is improper. Cf. United States v. Perez, 50 F.3d 396, 400 (7th Cir. 1995) (vacating an enhancement under U.S.S.G. S 3C1.1 where "the obstructive conduct only affected [the defendant's] state prosecution and had no effect on the investigation, prosecution, or sentencing of [the defendant's] federal offense"); United States v. Adediran, 26 F.3d 61, 65 (8th Cir. 1994) (concluding the "instant offense" language in U.S.S.G. S 3C1.1, pre-amendment,"requires some connection between the obstructed state proceedings and the investigation of the federal offense").

In United States v. Roberts, 243 F.3d 235 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit affirmed a two-level enhancement under U.S.S.G. S 3C1.1 where the defendant fled from state custody and was subsequently indicted by federal authorities. Id. at 240. The court found the defendant's escape from state officials frustrated the federal proceedings:

> [The defendant] was still on the run when federal charges were filed against him. The fact that he was on the run rather than in the custody of the state would have made it much more difficult for federal authorities to prosecute [him]. . . . [The defendant's] obstructive conduct -- escape -- did have an effect on the federal prosecution.

Id. We believe Roberts is distinguishable on its facts. As stated, Jenkins failed to appear in state court on March 4, 1999. The sealed federal indictment was not issued until March 18, 1999. While the assistant United States attorney began preparing the indictment on March 3, 1999, there is no claim that Jenkins's absence from state court the next day compromised the federal investigation in any way. Therefore, unlike in Roberts, Jenkins is not more "culpable" for federal sentencing purposes because of his conduct

10

before the state tribunal. The two-level enhancement for obstruction of justice was improper.

V.

Despite several amendments, U.S.S.G. S 3C1.1 is no model of clarity. In its current construction, we find the defendant need not be aware of the federal investigation at the time of the obstructive conduct. But the obstructive conduct cannot merely affect some global application of "the administration of justice." The federal proceedings must be obstructed or impeded by the defendant's conduct. In other words, there must be a nexus between the defendant's conduct and the investigation, prosecution, or sentencing of the federal offense. Jenkins's failure to appear in state court on March 4, 1999 did not obstruct the federal proceedings initiated against him the previous day. Imposing a two-level enhancement for this conduct would neither deter future defendants from acting similarly nor serve the ends of justice in this case.

VI.

For these reasons, we will reverse the finding of the District Court imposing a two-level enhancement for obstruction of justice under U.S.S.G. S 3C1.1 and remand for resentencing.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

11