

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2003

# USA v. Bamfield

Precedential or Non-Precedential: Precedential

Docket 02-3291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Bamfield" (2003). *2003 Decisions*. Paper 513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed May 8, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3291

UNITED STATES OF AMERICA

v.

SETON WALTER BAMFIELD,
*Appellant*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00737)
District Judge: Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2003

Before: SCIRICA, *Chief Judge*,* AMBRO and GARTH,
*Circuit Judges*

(Filed: May 8, 2003)

---

* Judge Scirica became Chief Judge on May 4, 2003.

Elaine DeMasse,
 Assistant Federal Defender,
 Senior Appellate Counsel
David L. McColgin,
 Assistant Federal Defender,
 Supervising Appellate Attorney
Maureen Kearney Rowley,
 Chief Federal Defender
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence Square
 West
Suite 540 West
Philadelphia, PA 19106

*Counsel for Appellant*

Patrick L. Meehan,
 United States Attorney
Robert A. Zauzmer,
 Assistant United States Attorney,
 Senior Appellate Counsel
Stephen J. Britt,
 Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

*Counsel for Appellee*

---

## OPINION OF THE COURT

---

GARTH, *Circuit Judge*:

This case involves appellant Seton Walter Bamfield's challenge to his sentence for conviction of violation of 8 U.S.C. § 1253(a)(1)(C), preventing or hampering departure of an alien subject to an order of removal.

Bamfield argues that because his offense of conviction was not listed in the Statutory Index (Appendix A) of the United States Sentencing Guidelines Manual,[1] the District

---

1. Unless otherwise indicated, this opinion refers to the edition of the Sentencing Guidelines Manual effective November 1, 2001.

Court was required by United States Sentencing Guideline (U.S.S.G.) § 2X5.1 to apply the most analogous guideline for the offense, and that the District Court erred in concluding that U.S.S.G. § 2L1.2 was the most analogous guideline.

As we will explain, we hold that U.S.S.G. § 2L1.2 is in fact directly applicable to convictions for violation of 8 U.S.C. § 1253(a)(1)(C), and that the failure to list this offense in the Statutory Index constitutes an inadvertent error on the part of the United States Sentencing Commission. We will therefore affirm the District Court's judgment of sentence on the grounds specified in this opinion. By this means, we call this error to the attention of the Sentencing Commission so that it may be corrected.

## I.

Seton Walter Bamfield is a native of Guyana who arrived in the United States in April 1991. According to the presentence investigation report (PSR), Bamfield was arrested in early November 1991 for menacing. Later that month, he was arrested for robbery. He was convicted of the robbery and was sentenced to a term of imprisonment of 18 to 54 months in 1992. He was again convicted in 1994 of attempted robbery, and received a sentence of three to six years.[2]

Following this last conviction, the Immigration and Naturalization Service (INS) began deportation proceedings against Bamfield on September 30, 1994. An immigration judge ordered that Bamfield be deported in May 2000, and Bamfield's appeal was denied in October 2000. A final order of removal was issued on October 29, 2000.

The INS experienced a relatively long delay in receiving permission from Guyana for Bamfield's deportation there. Eventually, Guyana provided the INS with permission to deport Bamfield there, but the permission only allowed deportation on a single day, November 1, 2001.

---

2. The PSR indicates that Bamfield had also been sentenced to five days imprisonment for resisting arrest in April 1992 and for ten days imprisonment for being a criminal in possession of a controlled substance or dangerous weapon in August 1992.

Accordingly, on October 31, 2001, the INS took Bamfield from Berks County Prison, where he was being held, to INS offices in Philadelphia, where he was told by INS officers that he would be sent back to Guyana the next day. Bamfield was upset at this news. That evening, while Bamfield was held in INS's Philadelphia detention unit, he kicked and punched the doors and walls.

In the early morning hours of November 1, 2001, INS officers sought to remove Bamfield from that facility and take him to the airport so that he could be placed on a commercial flight to Guyana. As INS officers sought to take Bamfield from his holding cell to a van in the facility's parking garage to take him to the airport, Bamfield resisted. At trial, an INS officer testified that Bamfield struggled, tried to kick and spit, and, indeed, bit an INS officer. App. 52a-54a.[3]

An INS officer also testified that once placed in the cage inside the van, Bamfield kicked the cage and door and screamed. That officer concluded that it would be too dangerous to transport Bamfield on a commercial airline and decided to terminate the deportation and have Bamfield transported to the York County Prison. App. 54a-55a.

Following this incident, Bamfield was indicted on two counts: (1) that he prevented or hampered his departure following an order of removal in violation of 8 U.S.C. § 1253(a)(1)(C), and (2) that he assaulted federal officers in violation of 18 U.S.C. § 111(a). A jury convicted Bamfield of the 8 U.S.C. § 1253(a)(1)(C) charge of preventing or hampering removal, and acquitted him of the assault charge.

On August 16, 2002, the District Court imposed Bamfield's sentence. The District Court concluded that U.S.S.G. § 2L1.2 was the appropriate guideline. Accepting the recommendations contained in the PSR, the District Court determined that the offense level was 24, that Bamfield's criminal history category was V, and that the

---

3. In his brief, Bamfield casts the situation in a different light, suggesting that he only complained and passively resisted.

applicable imprisonment range was 92 to 115 months. The District Court sentenced Bamfield to 92 months imprisonment, i.e., at the lowest end of the range.[4]

Bamfield filed a timely notice of appeal, and this appeal followed.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal from a judgment of conviction and sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "Our review of the District Court's interpretation and application of the Sentencing Guidelines is plenary." *United States v. Jenkins*, 275 F.3d 283, 286 (3d Cir. 2002) (citation omitted).

We will affirm the District Court's application of U.S.S.G. § 2L1.2 to Bamfield, albeit through an analysis other than that employed by the District Court. *See, e.g., Carter v. McGrady*, 292 F.3d 152, 154 (3d Cir. 2002).

Bamfield argues that the offense for which he was convicted, 8 U.S.C. § 1253(a)(1)(C),[5] was not listed in the Guidelines' Statutory Index (Appendix A), and so the District Court should have applied the most analogous guideline to the offense pursuant to U.S.S.G. § 2X5.1.[6] Bamfield argues that the District Court's selection of U.S.S.G. § 2L1.2 was not sufficiently analogous, and now

---

4. Bamfield was also sentenced to three years supervised release and a $100 assessment.

5. The text of this statute is recited *infra*.

6. That Guideline, entitled "Other Offenses," provides:

> If the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

U.S.S.G. § 2X5.1 (2001).

suggests that a more analogous guideline would be U.S.S.G. § 2A2.4.[7]

The Government asserts that 8 U.S.C. § 1252(e), which was the predecessor statute to 8 U.S.C. § 1253, remains listed in the Statutory Index, and that U.S.S.G. § 2L1.2 was the applicable guideline to the predecessor statute. Accordingly, the Government argues that the District Court's resort to the "analogous guideline" procedure in U.S.S.G. § 2X5.1 was unnecessary because U.S.S.G. § 2L1.2 is directly applicable to Bamfield's offense of conviction.[8]

We are persuaded by the Government's argument, and conclude that the fact that the Statutory Index refers to 8 U.S.C. § 1252(e), the old "failure to depart" statute, rather than 8 U.S.C. § 1253(a), the new "failure to depart" statute, represents an inadvertent omission by the Sentencing Commission.

The new statutory provision governing the offense for which Bamfield was convicted, 8 U.S.C. § 1253(a)(1)(C), was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009-546.[9] It provides as follows:

(a) Penalty for failure to depart

(1) In general

*Any alien against whom a final order of removal is outstanding* by reason of being a member of any of the

---

7. Bamfield's counsel acknowledges that though counsel raised an objection before the District Court concerning the application of § 2L1.2, counsel did not propose § 2A2.4 as an analogous guideline; rather, Bamfield's counsel advocated sentencing Bamfield to time served. *See* Appellant's Br. at 24-25 n.5. Because we rely on alternative grounds in affirming the District Court's sentencing determination, we need not resolve whether the issue was preserved properly.

8. Bamfield's counsel did not provide a reply brief that responded to the Government's argument.

9. Section 307 of the IIRIRA amended § 243 of the Immigration and Nationality Act, which had been codified at 8 U.S.C. § 1253.

classes described in section 1227(a) of this title, who . . .

(C) *connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure* pursuant to such . . .

*shall be fined under title 18, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described* in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title), or both.

8 U.S.C. § 1253(a) (2001) (emphasis added).

The earlier "failure to depart" statute, 8 U.S.C. § 1252(e), read as follows:

(e) Penalty for willful failure to depart; suspension of sentence

*Any alien against whom a final order of deportation* is outstanding by reason of being a member of any of the classes described in section 1251(a) of this title . . .*who shall connive or conspire, or take any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure pursuant to such order of deportation,* or who shall willfully fail or refuse to present himself for deportation at the time and place required by the Attorney General pursuant to such order of deportation, *shall upon conviction be guilty of a felony, and shall be imprisoned not more than four years, or shall be imprisoned not more than ten years if the alien is a member of any of the classes described* in paragraph (1)(E), (2), (3), or (4) of section 1251(a) of this title . . .

8 U.S.C. § 1252(e) (1994 ed.) (emphasis added).

As this comparison of the former 8 U.S.C. § 1252(e) and the current 8 U.S.C. § 1253(a) demonstrates, the new "failure to depart" offense is substantially similar to the previous version. The Sentencing Commission, however, failed to incorporate into the Statutory Index the later revision and recodification of the "failure to depart" offense in 8 U.S.C. § 1253(a). We assume that this failure to do so was inadvertent.

Due to this inadvert error, the Statutory Index (Appendix A) to the Sentencing Guidelines manual does not refer to the new "failure to depart" provision enacted by the IIRIRA and codified at 8 U.S.C. § 1253. Instead, the Statutory Index in the Guidelines Manual persists in referring to the old version of 8 U.S.C. § 1252(e), for which it identifies U.S.S.G. § 2L1.2 as applicable. *See* U.S. Sentencing Guidelines Manual app. A (2001).[10] For this reason, the District Court was correct to apply U.S.S.G. § 2L1.2,[11] though it did not need to resort to analysis of the most applicable guideline under U.S.S.G. § 2X5.1.[12]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court on the ground that U.S.S.G. § 2L1.2 is applicable when 8 U.S.C. § 1253(a)(1)(C), preventing or hampering departure of an alien subject to an order of removal, is the offense of conviction. We also respectfully suggest that the Sentencing Commission consider revising the Statutory Index (Appendix A) to the Sentencing Guidelines Manual to include reference to 8 U.S.C. § 1253 as soon as possible to avoid any such confusion in the future.

To this end, the Clerk of this Court is directed to send a copy of this opinion to the Chair and Chief Counsel of the United States Sentencing Commission.

---

10. This error has persisted in the current edition of the manual, *see* U.S. Sentencing Guidelines Manual app. A (2002), and indeed has been present in all post-IIRIRA editions of the manual. *See* U.S. Sentencing Guidelines Manual app. A (2000); U.S. Sentencing Guidelines Manual app. A (1998); U.S. Sentencing Guidelines Manual app. A (1997).

11. We also note that U.S.S.G. § 2L1.2, entitled "Unlawfully Entering or Remaining in the United States," seems logically applicable to convictions for preventing or hampering removal, though we need not consider whether it is analogous to the offense of conviction.

12. We recognize that the Government did not make this specific argument to the District Court during the sentencing hearing or in its sentencing memorandum.

9

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*