

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# USA v. Densberger

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"USA v. Densberger" (2008). *2008 Decisions.* Paper 957.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/957

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2229
_____

UNITED STATES OF AMERICA

v.

MARK DENSBERGER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00295-1)
District Judge:  Honorable James F. McClure
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2008

Before:  AMBRO, FISHER and MICHEL,* *Circuit Judges*.

(Filed: June 30, 2008 )
_____

OPINION OF THE COURT
_____

---

*The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

FISHER, *Circuit Judge*.

Mark Densberger, Sr. appeals the order of the United States District Court for the Middle District of Pennsylvania denying his motion to dismiss the charge against him. Densberger also appeals the District Court's judgment of sentence. For the following reasons, we will affirm.

I.

Densberger was the adoptive father of three boys, Mark Jr., Bruce, and Bryan Densberger. In May 2004, the oldest son, Bryan, contacted the Pennsylvania State Police to report that his father raped him. In a two-page written statement, Bryan told the Pennsylvania State Police that since October 1996, when he was thirteen years old, Densberger had repeatedly sexually assaulted him and his brothers. Bryan alleged that his father: (1) forced them to perform oral and anal sex on him and one another for both their punishment and his pleasure, (2) videotaped many of the assaults that occurred during the eight-year period, and (3) instructed his sons to bring girls home and have sex with them in the martial arts studio (a converted detached garage) so Densberger could secretly videotape those sexual acts.

On May 15, 2004, a search warrant was executed on Densberger's home in Milton, Pennsylvania. Authorities recovered nine video tapes depicting Densberger engaging in graphic sexual activity with his sons, his sons engaging in the same activity with one another, and his sons engaging in sexual activity with three minor females. Densberger

was charged under Pennsylvania law with possession of child pornography, incest, and rape.

On June 28, 2004, Densberger was released on bail from the county jail under the condition that he not contact any of the victims. Later that day, Densberger was arrested attempting to cross the Canadian border. His then seventeen-year-old son, Bruce, was driving a separate vehicle a few cars behind Densberger. Bruce was detained when border officials' suspicions were aroused by the fact that court documents and $10,000 in undeclared cash were in the vehicle. Densberger later stated that he was not attempting to flee, but was taking a vacation camping trip. He claimed that the cash was a remnant of Bruce's efforts to gather the money to post his father's bail.

On November 8, 2004, Densberger entered into an agreement with the United States whereby he agreed to plead guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251.[1] His plea was conditional, reserving the right to appeal an adverse ruling on his pretrial motion challenging the constitutionality of § 2251(b).

In January 2007, the probation officer filed a Presentence Report (PSR) with the District Court. The PSR recommended: (1) a two-level obstruction of justice

---

[1]Densberger pled guilty to 18 U.S.C. § 2251(b), which provides in pertinent part that "[a]ny parent . . . who knowingly permits [a] minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished . . . if such parent . . . knows or has reason to know that such visual depiction . . . was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce."

enhancement due to Densberger's attempt to cross the border into Canada; (2) a four-level multiple-victim enhancement for the videotapes involving the minor females; (3) a two-level enhancement because Bryan and Bruce were under the age of sixteen when the assaults on them began; (4) a four-level enhancement because Mark Jr. was under the age of twelve when the assaults on him began; (5) a two-level enhancement because Densberger was the parent of the victims; (6) a two-level enhancement because Densberger knew or should have known that his sons, who were adopted between the ages of nine and twelve and had histories of neglect and abuse, were vulnerable victims; and (7) no downward adjustment for acceptance of responsibility, because although Densberger pled guilty, at the time the PSR was submitted he had not provided the requested written statement about his involvement in the offense.

The enhancements recommended in the PSR led to a guideline sentence of 324-405 months' imprisonment. However, the statutory maximum is twenty years, which adjusted the guideline sentence to 240 months.

The District Court accepted the findings of the PSR in full. Under the Sentencing Guidelines, the federal sentence was required to be served concurrently with Densberger's state sentence. U.S.S.G. § 5G1.3(b). Therefore, the Court reduced the federal sentence to account for time already served on the state sentence. The final sentence was 206 months' imprisonment.

4

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the question of whether a statute is constitutional. *United States v. Randolph*, 364 F.3d 118, 121 (3d Cir. 2004). For sentencing appeals, we review the District Court's factual findings for clear error and exercise plenary review over its interpretation of the sentencing guidelines. *United States v. Grier*, 475 F.3d 556, 568-70 (3d Cir. 2007) (en banc).

III.

A.

Densberger argues that 18 U.S.C. § 2251(b) is unconstitutional because it falls outside the scope of Congress' powers under the Commerce Clause. Section 2251(b) penalizes a parent's knowing permission of a child's participation in the creation of a "visual depiction [of child pornography that] was produced using materials that have been mailed, shipped or transported in interstate or foreign commerce by any means." Densberger asserts that *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), render this statute unconstitutional on its face and as applied to him.

We disagree. *Lopez* and *Morrison* struck down provisions that had only an attenuated link to interstate commerce. In a published post-*Morrison* decision, however, we concluded that 18 U.S.C. § 2251 was constitutional under the Commerce Clause.

5

*United States v. Galo*, 239 F.3d 572, 576 (3d Cir. 2001) (citing *United States v. Rodia*, 194 F.3d 465, 468 (3d Cir. 1999)). Our conclusion was based on the reasoning that "Congress rationally could have believed that intrastate possession of pornography has substantial effects on interstate commerce." *Id.* at 575.

Our analysis in *Galo* is buttressed by the subsequent case of *Gonzales v. Raich*, 545 U.S. 1, 17 (2005). In *Raich*, the Supreme Court ruled that it was within the federal government's power to regulate the growing of marijuana for home consumption because of the likelihood that this intrastate activity could affect interstate commerce. *Id.* at 23.

In sum, Densberger's argument – that his purely intrastate activity cannot be regulated by Congress under *Lopez* and *Morrison* – is directly in opposition to controlling precedent and is therefore unavailing.

## B.

In addition to his constitutional argument, Densberger appeals his sentence. Specifically, he appeals the District Court's findings at sentencing with regard to Mark Jr.'s age, the multiple-victim calculation, obstruction of justice, and the acceptance-of-responsibility reduction.

## 1.

Densberger argues that the District Court failed to establish that Mark Jr.'s statements were sufficiently reliable. U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider

6

relevant information without regard to its admissibility . . . , provided that the information has sufficient indicia of reliability to support its probable accuracy."). Therefore, he states that the Court improperly applied the two-level enhancement based on its finding that Mark Jr. was under twelve years old when the abuse began.

The District Court did not err. Mark Jr. and his brothers made similar statements that the abuse started within months of being adopted and the filming shortly thereafter. Since Mark Jr. was adopted at age nine, these statements support a finding that he was under the age of twelve when he was victimized. Densberger points to no record evidence that would undermine the District Court's decision to apply the enhancement. Despite his arguments to the contrary, the brothers' statements establish the necessary reliability and accuracy needed to apply the four-level sentencing enhancement.

2.

There was no legal or factual error in the District Court's decision to apply the two-level obstruction-of-justice enhancement. Densberger was detained while attempting to cross the Canadian border. He argues that this was not an attempt to flee, but a camping trip. However, it was not clearly erroneous for the District Court to find this was no ordinary camping trip. Densberger had been released from the county jail on bail that day, and he and his son Bruce were stopped as they attempted to cross into Canada in different cars. There was $10,000 in undeclared cash in Bruce's car, Bruce could not identify where they were going, there was no valid explanation for taking two separate

7

vehicles, and moreover, Densberger was not permitted to contact Bruce as a condition of his bail.

An attempt to obstruct a state prosecution constitutes obstruction of justice in the federal matter if there is a "nexus between the defendant's conduct and the investigation, prosecution, or sentencing of the federal offense." *United States v. Jenkins*, 275 F.3d 283, 291 (3d Cir. 2001). In *Jenkins*, we concluded that a defendant's failure to appear at the state court proceeding had no effect on the federal investigation and therefore warranted no enhancement. *Id.* In this case, unlike *Jenkins*, the District Court found that Densberger's flight would have obstructed both the state and federal investigations. The enhancement applies equally to those who only attempt to obstruct justice and those who succeed. The fact that Densberger did not escape does not render the enhancement inapplicable, and the Court did not err in imposing it.

3.

Densberger advances purely factual arguments in his attack on the multiple-victim enhancement that was based on the videotaping of the three minor females. He states that he was not involved in the taping, and he points out that some of the evidence supports his claim. However, the conflicting testimony he cites does not demonstrate clear error on the part of the District Court. The Court exercised its fact-finding function and concluded that certain portions of the evidence were more credible than other portions. The Court found the sons' statements credible when they reported that (1) their father

8

instructed them to bring girls back to the martial arts studio and have sex with them, (2) their father showed them how to set up the concealed camera, and (3) their father used the tapes as "instruction videos." The Court did not find credible the sons' contradictory statements that their father was not involved in the videotaping. Because the Court did not clearly err, we will not disturb the application of this sentencing enhancement.

Densberger requests that we adopt the view expressed by the dissent in *Grier* and apply stricter standards of evidentiary support for sentencing enhancements. Following our Internal Operating Procedures, we will not overrule a prior precedential decision. A district court applies sentencing enhancements using a preponderance-of-the-evidence standard. *Grier*, 475 F.3d at 568. The District Court in this case applied the proper burden of proof.

4.

Finally, Densberger argues that the District Court erred in not reducing his sentence by two levels for acceptance of responsibility. The District Court did not err in withholding the sentence reduction. The Court based this decision on the commentary to the Sentencing Guidelines, which states that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 comment 1(a).

Merely agreeing to a conditional guilty plea does not definitively establish that a defendant is entitled to a sentence reduction for acceptance of responsibility. *See United*

9

*States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996). The District Court concluded that Densberger frivolously contested his son's age at the time of the offenses. This conclusion was not clearly erroneous, since Densberger's argument that there was no evidence of the victims' ages flew in the face of the evidence, including the dates on some of the videos and the victims' consistent testimony. Therefore, we will affirm the Court's refusal to apply the acceptance-of-responsibility reduction.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.