

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2009

# USA v. George

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2048

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. George" (2009). *2009 Decisions*. Paper 1766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-2048

_____

UNITED STATES OF AMERICA

v.

MARC GEORGE,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00173-27)
District Judge: Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

Before: SLOVITER and HARDIMAN, Circuit Judges, and
POLLAK*, District Judge

(Filed March 06, 2009 )

___

OPINION

———

_____

* Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

Appellant Marc George challenges the District Court's rulings under the Sentencing Guidelines related to an enhancement for obstruction of justice as well as the Court's calculation of his criminal history category.

**I.**

This case arises out of George's participation in co-defendant Rodney Hutchinson's drug organization. George transported money derived from Hutchinson's drug operations. In May 2004, the Pennsylvania State Police stopped George and found nearly $400,000 in his car and on the persons of the occupants of the car. George admitted that he made drug-money runs, but was not charged.

In February 2005, George's vehicle was stopped by a New Jersey narcotics unit and the police search recovered approximately $350,000 hidden in George's vehicle. George was subsequently charged with felony money laundering by the New Jersey authorities. After George was released on bail, he failed to appear in state court to answer those charges.

In fact, George fled to Mexico where he had his fingerprints surgically removed by co-defendant Jose Covarrubias. When George attempted to re-enter the United States in September 2005 with a stolen passport, he was detained by border agents. George, who admitted that he had previously been deported to Jamaica, pled guilty in February 2006 to re-entry after deportation without proper permission, and was sentenced to thirteen

months imprisonment.

A federal investigation of the Hutchinson organization began in February 2005. George was charged in May 2006 with conspiracy to distribute one thousand or more kilograms of marijuana, conspiracy to commit money laundering, and criminal forfeiture. George pleaded guilty to conspiracy to commit money laundering in exchange for dismissal of the remaining charges.

At sentencing, as relevant here, George objected to a two-level enhancement for obstruction of justice under United States Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 based on his flight and fingerprint-removal surgery. George also objected to the inclusion in his criminal history category calculation of his offense of re-entry after deportation. The inclusion of that offense increased George's criminal history category from level II to level III. The District Court rejected both objections, granted George a reduction for acceptance of responsibility, and calculated the Guidelines sentencing range to be 108-135 months imprisonment. The Court then exercised its discretion under 18 U.S.C. § 3553(a) and sentenced George below that range to 96 months imprisonment.[1]

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over the District Court's interpretation and application of the Sentencing Guidelines and review its factual findings for clear error. United States v. Miller, 527 F.3d 54, 60 (3d Cir. 2008).

## II.

On appeal, George contends that the two-level enhancement for obstruction of justice was inappropriate because he was not aware of the pending federal investigation when he fled to Mexico and had his fingerprints removed. However, a "defendant need not be aware of the federal investigation at the time of the obstructive conduct" for the enhancement under U.S.S.G. § 3C1.1 to be applicable. United States v. Jenkins, 275 F.3d 283, 291 (3d Cir. 2001). Instead, the enhancement is applicable if a defendant intentionally engages in conduct to obstruct, or to attempt to obstruct, the administration of justice and there is "some nexus between the obstruction and the federal offense." Id. at 289. That test is satisfied here because George, by his flight and fingerprint-removal surgery, attempted to evade detection and prosecution for his role in the Hutchinson organization.

George next argues that the inclusion within his criminal history category calculation of his conviction for re-entry after deportation was improper under U.S.S.G. § 4A1.2(a)(1) because "[h]is re-entry into the United States during the course of the current conspiracy formed the basis for the [re-entry of deportation offense], but it was also an action taken as part of the ongoing conspiracy" at issue here. Appellant's Br. at 22.

We disagree. A "prior sentence" is "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Further, "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of section 1B1.3 . . . ." U.S.S.G. § 4A1.2, cmt. n.1. Here, George's

4

re-entry after deportation offense punished his attempt to enter the United States without permission. That specific conduct (as distinguished from the flight from authorities and fingerprint removal that preceded it) was not relevant in determining George's offense level for the instant offense, and therefore the re-entry after deportation offense was properly included in George's criminal history calculation.

George seeks to rely on our decision in United States v. Hallman, holding that a prior offense may not be included in a defendant's criminal history category calculation where the prior offense and the instant charge are "part of a common scheme or plan." 23 F.3d 821, 826 (3d Cir. 1994). In Hallman, we held that a prior state conviction for forgery and a federal charge for possession of stolen mail were part of a common scheme because the stolen mail was checks and credit cards, and therefore it was "reasonable to infer that the mail was stolen to find checks or other instruments that could be converted to use through forgery." Id.

There is no similar common scheme here. George may not have engaged in the conduct underlying the immigration offense if the New Jersey authorities had not uncovered his participation in the money laundering conspiracy. However, as we stated in Hallman: "A crime merely suggested by or arising out of the commission of a previous crime is not . . . related to the earlier crime in the special sense of being part of a common scheme or plan." Id. (quoting United States v. Ali, 951 F.2d 827, 828 (7th Cir. 1992)).

### III.

For the above-stated reasons, we will affirm the judgment of sentence