**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1799
_____

UNITED STATES OF AMERICA

v.

MICHAEL ANTHONY DASHEM,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-19-cr-00195-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
March 17, 2022
_____

Before: JORDAN, KRAUSE, and PORTER,
*Circuit Judges*

(Filed: June 7, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Michael Dashem pleaded guilty to receiving visual depictions of minors engaging in sexually explicit conduct under 18 U.S.C. § 2252(a)(2). The District Court sentenced him to 240 months' imprisonment. Dashem challenges the District Court's application of two sentence enhancements under the U.S. Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). First, he challenges an obstruction of justice enhancement under section 3C1.1 of the Guidelines. Second, he challenges an enhancement for possession of materials depicting sadistic or masochistic conduct under section 2G2.2(b)(4) of the Guidelines. The District Court was right to apply both enhancements, so we will affirm.

I

Pennsylvania state police responded to reports of a domestic dispute between Michael Dashem and his father. Dashem's father told the officer he saw child pornography on his son's tablet device "[j]ust the other day." J.A. 84.

Dashem admitted to the officer that he possessed child pornography on his tablet device but, according to the officer, claimed he could not remember the password. The officer seized the device, applied for a search warrant, and submitted the device to state police computer forensic analysts. The analysts could not access the device without the password. Nor could a private contractor. The state police transferred the device to the FBI, which obtained a federal search warrant. FBI forensic analysts accessed the device's contents.

The device contained several child pornography images and at least one child pornography video. Materials depicted female toddlers, prepubescent teens, and other

2

minors engaging in sex acts with adult males. The device's internet browsing history showed Dashem viewed pornographic websites involving teenagers just days before police seized the device.

The United States indicted Dashem on one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). Further to a plea agreement, Dashem pleaded guilty to receipt of child pornography. The probation office prepared a presentence report with sentence enhancements for obstruction of justice under U.S.S.G. § 3C1.1 and for possession of materials portraying sadistic conduct under U.S.S.G. § 2G2.2(b)(4).

Dashem objected to these enhancements and re-urged the objections in a sentencing memorandum and during the sentencing hearing. The District Court overruled Dashem's objections. The District Court fixed a final Guidelines range of 262 to 327 months, but the statutory maximum for the offense was 240 months. The District Court sentenced Dashem to 240 months' imprisonment. Dashem appeals.

## II[1]

### A

Dashem alleges the District Court was wrong to apply the obstruction of justice sentence enhancement for two reasons. Both fail.

#### 1

The Guidelines permit a two-level enhancement when "(1) the defendant willfully

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation . . . of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. It does not necessarily matter which "level of law enforcement" a defendant obstructed. *United States v. Jenkins*, 275 F.3d 283, 289 (3d Cir. 2001). There must be only some "nexus between the defendant's conduct and the investigation, prosecution, or sentencing of the federal offense." *Id*. at 291.

In reviewing a District Court's sentencing decision, we review its factual determinations for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Thung Van Huynh*, 884 F.3d 160, 165 (3d Cir. 2018). But the "two standards become indistinguishable" when the Guidelines state a fact-driven rule. *Id*. That is "because we would find that the Court had abused its discretion in applying the enhancement based on a particular set of facts only if those facts were clearly erroneous." *Id.* (quotation marks omitted). In that event, we review for clear error.

Whether Dashem's statement that he did not remember his tablet's password willfully obstructed or impeded the investigation of his child pornography crimes is, in essence, "a strictly factual test, such that once the test is stated[,] no legal reasoning is necessary to the resolution of the issue." *Id*. (alteration in original) (quoting *United States v. Richards*, 674 F.3d 215, 221 (3d Cir. 2012)). We therefore review the District Court's application of the obstruction of justice enhancement for clear error.

First, it was reasonable for the District Court to find Dashem's statement to a

4

police officer that he forgot his tablet's password was deceitful, and thus find the resulting obstruction willful. When police responded to a domestic disturbance at Dashem's residence, his father told the officer he saw child pornography on Dashem's tablet. Dashem does not dispute that he told a state officer that he did not remember his tablet's password, which he admitted contained child pornography. Yet, as the District Court reasonably inferred, "Mr. Dashem's father would not have been able to view these materials on Mr. Dashem's tablet if the tablet had not already been unlocked or in use." J.A. 112. And according to browsing history, three days before police arrived at Dashem's residence, Dashem accessed child pornography. Based on the circumstances, it was reasonable for the District Court to infer deceit in Dashem's statement that he did not remember his password, and thus conclude that the resulting obstruction was willful.

Next, it was reasonable for the District Court to find Dashem's deceitful statement obstructed the investigation of the child pornography crimes for which he was convicted. From start to finish, the investigation into Dashem's device dealt with child pornography. Dashem's willful deceit required both the state police and the FBI to use forensic analysts to eventually gain access to the child pornography on the device. At first, state forensic analysts and a private contractor could not access the device's contents. The state police transferred the device to the FBI. Forensic analysts at the FBI, also without the password, eventually accessed the device's contents. After the FBI uncovered the child pornography, Dashem was convicted of receipt of child pornography under 18 U.S.C. § 2252(a)(2). So it was reasonable for the District Court to find that Dashem's statement and refusal to disclose his password "caused a significant delay in the investigation"—a

"material hinderance." PSR 6, 8.

The District Court found that Dashem willfully obstructed his offense of conviction. With no "definite and firm conviction" that the District Court made a mistake based on the facts and the reasonable inferences from them, we find no clear error. *Thung Van Huynh*, 884 F.3d at 168.

2

Dashem next contends that furnishing passcodes was testimonial and that he was asserting his Fifth Amendment privilege against compelled self-incrimination by refusing to disclose them. But Dashem affirmatively told state officers that he did not remember his tablet's password. And the District Court reasonably inferred that the statement was false when it said that "Mr. Dashem's father would not have been able to view these materials on Mr. Dashem's tablet if the tablet had not already been unlocked or in use." J.A. 112. Affirmative false statements are not protected by the Fifth Amendment. *See United States v. Beattie*, 919 F.3d 1110, 1116 (8th Cir. 2019) ("There is no constitutional right to lie." (quoting *United States v. Lange*, 918 F.2d 707, 709 (8th Cir. 1990))).

Because Dashem never asserted his privilege, and affirmatively made a statement that the District Court reasonably inferred was false, the Fifth Amendment privilege against compelled self-incrimination does not apply. *See id*. at 1116. The District Court thus made no error in overruling Dashem's objections on Fifth Amendment grounds. *See United States v. Chaney*, 446 F.2d 571, 576 (3d Cir. 1971).

B

Dashem possessed material portraying "a female under the age of 12 exposing her

6

vagina and performing fellatio and engaging in vaginal intercourse with an adult male" and a video depicting "a female under the age of 12 performing oral sex on an adult male." J.A. 69. The District Court found that such "penetrative sexual conduct would cause a prepubescent child pain," and applied an enhancement under U.S.S.G. § 2G2.2(b)(4) for depictions of sadistic or masochistic conduct. J.A. 111. Dashem argues that the District Court erred by applying the enhancement without considering whether Dashem intended to possess those materials, and thus it improperly relied on the Guidelines' commentary which, Dashem says, expands the rule. The District Court did not err.

Section 2G2.2(b)(4) provides an enhancement "[i]f the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler." In *United States v. Maurer*, we evaluated the ordinary meaning of "sadistic or masochistic conduct" and "depictions of violence" in this enhancement. 639 F.3d 72, 77–78 (3d Cir. 2011). We held, "the application of § 2G2.2(b)(4) is appropriate where an image depicts sexual activity involving a prepubescent minor that would have caused pain to the minor." *Id*. at 79. And thus "a sentencing court need only find, by a preponderance of the evidence, that an image depicts sexual activity involving a prepubescent minor and that the depicted activity would have caused pain to the minor." *Id.*

The Guidelines do not require a finding of defendant's mens rea before applying the enhancement. *Id.* at 80 ("Section 2G2.2(b)(4) is applied on the basis of strict liability."). Nor must a sentencing court "determine whether the people depicted in the

7

image are deriving sexual pleasure from the infliction of pain; nor need it gauge whether the viewer of the picture is likely to derive pleasure from the fact that the image displays painful sexual acts." *Id.* All the sentencing court must determine in this objective inquiry is whether "an image depicts sexual activity involving a prepubescent minor that would have caused pain to the minor, regardless of the means through which that pain would result." *Id.*

For that holding, the *Maurer* court cited both the Guidelines' commentary and a Seventh Circuit case conducting an original analysis of the enhancement. The commentary states that the enhancement applies "regardless of whether the defendant specifically intended to possess, access with intent to view, receive, or distribute such materials." U.S.S.G. § 2G2.2(b)(4) cmt. n.3. The Seventh Circuit said the same: "[L]iability for receiving violent child pornography is strict." *United States v. Richardson*, 238 F.3d 837, 840 (7th Cir. 2001). The Seventh Circuit reasoned—without relying on Guidelines' commentary—that "[s]entencing enhancements generally are imposed on the basis of strict liability rather than of the defendant's intentions or even his lack of care" and that "[t]he guidelines contain numerous provisions enhancing punishment when the defendant causes more than the usual harm that the offense inflicts, without regard to whether unusual harm was intended." *Id.* "The punishment bonus for receiving child pornography that depicts bondage and torture is simply another illustration of the general principle." *Id.*

The Guidelines' commentary was only persuasive authority to the *Maurer* court in holding that the enhancement applies without establishing intent. Besides, the

commentary does not expand the rule, but tracks the Seventh Circuit's and our ultimate interpretation. *See United States v. Nasir*, 17 F.4th 459, 471–72 (3d Cir. 2021) (en banc). Thus, the District Court did not err when it found that the enhancement applied regardless of Dashem's intent.

*     *     *

For these reasons, we reject each of Dashem's arguments. We will affirm the District Court.